IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGELIO A. STANFORD**<br>5201 Kansas Avenue, N.W.<br>Washington, D.C.  20011<br><br>    Plaintiff,<br><br>v.<br><br>**HOWARD UNIVERSITY**<br>2400 6th Street, N.W.<br>Suite 440<br>Washington, D.C. 20059<br><br>    Defendant.<br><br>**SERVE UPON:**<br>John J. Gloster, Jr.<br>Registered Agent<br>Howard University<br>Suite 321<br>Washington, DC 20059 | Case No. _____ |

## **COMPLAINT**

Plaintiff Rogelio A. Stanford, by and through undersigned counsel, hereby makes the following allegations against the Defendant.

## **NATURE OF THE ACTION**

1. This action is brought to redress unlawful employment discrimination, and retaliation on the basis of ethnicity and national origin (Hispanic-Panamanian) ) and age (YOB: 1958), retaliation (prior complaints), and interference with statutorily protected rights in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §§ 2000e – 2000e-17, and the Age Discrimination in Employment Act of 1967,

as amended ("ADEA"), 29 U.S.C. §§ 621-634, and in support thereof Plaintiff states as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and the ADEA.

3. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1963, as amended, 42 U.S.C. §§ 2000e – 2000e-17, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634.

4. Venue is proper in this District under Title VII pursuant to 42 U.S.C. § 2000e-5(f) because Plaintiff is employed by Defendant Howard University in this judicial district. Moreover, venue in this judicial district is proper for all Plaintiff's claims pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred therein.

## PARTIES

5. Plaintiff, Rogelio A. Stanford, resides at 5201 Kansas Avenue, N.W., Washington, D.C..

6. Plaintiff Rogelio A. Stanford at all times relevant to the acts alleged herein was employed by Defendant Howard University in its Department of Public Safety with the rank of Sergeant.

7. Defendant Howard University is a private, historically black university located at 2400 Sixth Street, N.W., Suite 440, Washington, D.C. 20059. Since March 2,

1867, Defendant has been actively registered to conduct business in the District of Columbia. At all times relevant to the claims alleged herein Defendant was registered and doing business within the District of Columbia

8. Defendant Howard University is subject to Title VII and the ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted his administrative remedies.

10. On June 2, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and genuine copy thereof is attached as Exhibit A.

11. On July 17, 2023, the EEOC issued a Determination and Notice of Rights dismissing Plaintiff's Charge and giving Plaintiff notice of his right to sue under Title VII and the ADEA within 90 days of receipt. A true and genuine copy thereof is attached as Exhibit B.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 65-year old Hispanic male of Panamanian and Caribbean heritage.

13. Plaintiff is a current employee of Defendant.

14. Defendant is a private university that has employed Plaintiff within one of its operating divisions, the Howard University Department of Public Safety, from 1983 to the present.

15. Plaintiff worked for Defendant as a Campus Police Officer from 1983 to 2001, when Plaintiff was promoted to his current position of Campus Police Sergeant.

16. As Campus Police Sergeant, Plaintiff is responsible for assessing, deescalating, and diffusing verbal and physical altercations, issuing barring notices and other written reports, responding to emergency situations with the confines of the law, performing crowd control, where appropriate, and providing assistance to the Lieutenant.

17. Throughout Plaintiff's lengthy tenure, he maintained an above-average Performance Evaluation facilitated by Defendant and was constantly lauded with marks of distinction based on his performance.

18. Despite this, Plaintiff was subjected to disparate conditions of employment in comparison to his non-Hispanic, non-Panamanian, and younger counterparts as he was passed over for promotions and increases in pay that he was duly qualified and for which his lesser-qualified counterparts received.

19. 0n April 10, 2018, Plaintiff filed suit in this Court against Defendant alleging discrimination on the basis of national origin (Panamanian/Caribbean), race (Hispanic), age (60-years-old) and religion (Holiness Pentecostal) (Case 1:18-cv-000827-KBJ) (the "Prior Lawsuit"). A true and genuine copy of the Complaint in the Prior Lawsuit is attached as Exhibit C.

20. On August 9, 2019, the Prior Lawsuit was voluntarily dismissed "in consideration of a negotiated settlement." *See* Stipulation of Dismissal with Prejudice [ECF #18 in Prior Lawsuit].

21. In or around March 2022, Plaintiff applied for an advertised Lieutenant position with Defendant but he was not interviewed for the position.

22. On or around May 15, 2023, Plaintiff became aware that he was not selected for the Lieutenant position. *See* Exhibit A.

23. Upon information and belief, Plaintiff understands that at least the following Sergeants were interviewed by Defendant for the open and advertised Lieutenant position:

- Ladrell Green, a Black non-Hispanic Female born in the United States;
- Kenard Keene, a Black non-Hispanic Male born in the United States;
- Cory Fisher, a Black non-Hispanic Male born in the United States;
- Anthony Winbush, a Black non-Hispanic Male, born in the United States;
- Curtis Quarles, a Black non-Hispanic Male born in the United States;
- Adrian Crudup, a Black non-Hispanic Male born in the United States.

Upon information and belief, all of the above Sergeants were considerably younger than Plaintiff.

24. The candidate selected for the Lieutenant position was Adrian Crudup.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
DISCRIMINATION IN VIOLATION OF TITLE VII

25. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

26. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

27. Plaintiff, as Hispanic and Panamanian-born, is a member of the classes of citizens protected by Title VII.

28. Defendant as a private university is subject to Title VII.

**COMPLAINT**
Page 5 of 11

29. Defendant was aware of Plaintiff's ethnicity and foreign-born status in part and certainly because of the allegations in the Prior Lawsuit. *See* Exhibit C.

30. Defendant knowingly and intentionally discriminated against Plaintiff because of his ethnicity and foreign-born status.

31. At all relevant times, Plaintiff performed the functions of his job competently and was qualified for the position of Lieutenant with Defendant.

32. Defendant treated Plaintiff less favorably than his similarly situated non-Hispanic, non-foreign born counterparts.

33. Defendants discriminated against Plaintiff because of his ethnicity and foreign-born status in violation of Title VII, through adverse employment actions carried out by his manager(s), supervisor(s), or other agents of the defendant.

34. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect his status otherwise adversely as an employee because of his ethnicity and foreign-born status.

35. Plaintiff is entitled to participate in and be given the benefits of the employment.

36. Defendant was responsible for ensuring that Plaintiff was able to work void of discrimination.

37. But for Defendant's discrimination against Plaintiff, he would have advanced in his career.

38. Defendant is liable for the acts and omissions of its agents and employees.

**39.** The ethnicity- and national origin- related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees

reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven at trial, including but not limited to lost income and benefits; lost employment opportunities; psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; punitive damages; and Plaintiff's attorney's fees in bringing this action.

## SECOND CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF TITLE VII

40. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

42. Defendant retaliated against Plaintiff because of his actions complaining of discrimination based on his ethnicity (Hispanic), national origin (Panamanian/Caribbean), and religion (Holiness Pentecostal), which violated Title VII, including filing a charge of discrimination with the EEOC and bringing the Prior Lawsuit.

43. As a direct and proximate result of Defendant's retaliation in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, punitive damages, and Plaintiff's attorney's fees in bringing this action.

## THIRD CLAIM FOR RELIEF
### DISCRIMINATION IN VIOLATION OF
### AGE DISCRIMINATION IN EMPLOYMENT ACT

44. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA, and Defendant was an "employer" within the meaning of the ADEA.

46. Plaintiff, born on July 24, 1958, is a member of the classes of citizens protected by the ADEA.

47. Defendant was aware of Plaintiff's age because Plaintiff provided his age to Defendant on employment documents and Plaintiff's age was identified in the Prior Lawsuit

48. Defendant knowingly and intentionally discriminated against Plaintiff because of his age.

49. Defendant treated Plaintiff less favorably than his similarly younger counterparts.

50. Defendants discriminated against Plaintiff because of his age in violation of ADEA, through adverse employment actions carried out by her manager(s), supervisor(s), or other agents of the defendant.

51. These adverse employment actions were taken under circumstances in which Plaintiff's age was a determining factor in the action.

52. The effect of the practice described above has been to deprive Plaintiff of equal employment opportunities, and to affect his status otherwise adversely as an employee because of his age.

53. The age-related employment practices and other acts or omissions of Defendant and Defendant's agents, supervisors, and employees reflect Defendant's reckless, willful, and wanton indifference or hostility to Plaintiff's protected employment rights and status, directly and proximately resulting in such damages as may be proven

at trial, including but not limited to, back pay, front pay, liquidated damages and Plaintiff's attorney's fees in bringing this action.

### FOURTH CLAIM FOR RELIEF
RETALIATION IN VIOLATION OF
AGE DISCRIMINATION IN EMPLOYMENT ACT

54. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA, and Defendant was an "employer" within the meaning of the ADEA.

56. Defendant retaliated against Plaintiff because of his actions complaining of discrimination based on his age, including filing a charge of discrimination with the EEOC and bringing the Prior Lawsuit.

57. As a direct and proximate result of Defendants' retaliation in violation of the ADEA, Plaintiff has suffered, and continues to suffer, and is entitled to an award of, monetary and economic damages, including, but not limited to, back pay, front pay if appropriate, liquidated damages, and Plaintiff's attorney's fees in bringing this action.

**WHEREFORE,** Plaintiff respectfully requests:

On Counts I and II:

A. Appropriate declaratory and equitable relief;

B. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment and retaliation in violation of law, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment and personal life;

C.  An award of backpay, front pay if appropriate, other actual monetary damages and compensatory damages for psychological, emotional, and mental anguish; distress, humiliation, embarrassment, and degradation; pain and suffering; punitive damages and pre-judgment interest.

D.  An award of costs Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees, to the fullest extent permitted by law; and

E.  Such other and further relief as the Court may deem just and proper.

On Counts III and IV:

A.  Appropriate declaratory relief;

B.  An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment and retaliation in violation of law, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment and personal life;

C.  An award of backpay, front pay if appropriate, other actual monetary damages doubled by an award of liquidated damages.

D.  An award of costs Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees, to the fullest extent permitted by law; and

E.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 12th day of October, 2023,

*/s/ Richard S. Toikka*
WILT TOIKKA KRAFT, LLP
Richard S. Toikka
D.C. Bar #416721
1629 K Street, NW, Suite 300
Washington, DC 20006
rtoikka@wtk-law.com
rst@toikkalawgroup.com
202-508-3648 (office)
202-521-9803 (fax)
240-888-8110 (mobile – preferred)


*Counsel for Plaintiff*
